IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01856-CMA-KLM

ROBERT B. SILVER,

    Plaintiff,

v.

LESLIE "LES" SHAPIRO,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's **Motion to Strike Plaintiff's Expert Disclosures Pursuant to Fed. R. Civ. P. 26(a)(2) and 37(c)(1)** [Docket No. 34; Filed March 4, 2011] (the "Motion").  Plaintiff filed a Response [Docket No. 44] in opposition to the Motion on March 14, 2011.  Defendant filed a Reply [Docket No. 55] on March 28, 2011.  The Motion is now fully briefed and ripe for resolution.  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motion has been referred to this Court for disposition.

    On March 1, 2011, Plaintiff disclosed seven expert witnesses expected to offer medical opinions regarding his alleged injuries.  *Plaintiff's Disclosure of Expert Witnesses* [Docket No. 33].  Defendant contends that this disclosure fails to comply with the disclosure requirements of Fed. R. Civ. P. 26(a)(2) because it does "not contain a complete statement of opinions, qualifications of the witnesses, prior testimony [of the witnesses], or

compensation [paid to the witnesses by Plaintiff]." *Motion* [#34] at 2. He argues that Plaintiff's failure to comply with Rule 26's disclosure requirements warrants striking his designated expert witnesses pursuant to Fed. R. Civ. P. 37(c)(1). *Id.* at 1. Defendant also argues that two of Plaintiff's designated expert witnesses, Dr. Sanjay Jatana and Dr. Jennifer Kemp, should be stricken because Plaintiff admitted at his deposition on March 3, 2011 that "he has never met, spoke with, or consulted with" them. *Id.* at 3 (citing *Plaintiff's Deposition* [#34-1] at 11-12).

In response, Plaintiff contends that (1) his disclosure of the seven expert witnesses complies with the requirements of Fed. R. Civ. P. 26(a)(2)(C), (2) any inadequacies in the disclosure are harmless and have not prejudiced Defendant, and (3) any inadequacies in the disclosure can be remedied and therefore do not warrant striking the expert witnesses. *Response* [#44] at 2, ¶ 3, and 6, ¶¶ 6-7.

Fed. R. Civ. P. 26(a)(2)(A) requires that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." *See Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 501 (D. Md. 1997) (stating that even in the case of a "hybrid" witness who will provide both factual testimony and opinion evidence under Fed. R. Evid. 702, 703, or 705, a party must still disclose the witness's identity under Rule 26(a)(2)(A)). These witnesses are referred to as expert witnesses. If such a witness is "one retained or specially employed to provide expert testimony in the case," the disclosure of his identity must be accompanied by a written report prepared and signed by him. Fed. R. Civ. P. 26(a)(2)(B). If an expert witness is not retained or specially employed, the disclosure of his identity must also state (i) the subject matter on which he is expected to present evidence, and (ii) a summary of the facts and

opinions to which he is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

Typically, a physician who has treated a party for injuries is not considered to be "retained or specially employed" within the meaning of Rule 26(a)(2)(B). Thus, when a party designates a treating physician as an expert witness, he is ordinarily not required to provide an accompanying expert report signed by the physician. *See, e.g., Stone v. Deagle*, No. 05-cv-1438-RPM-CBS, 2006 U.S. Dist. LEXIS 90430, at *9-10 (D. Colo. Dec. 14, 2006) (unreported decision) ("In contrast to the retained expert, the Advisory Committee Notes to Rule 26(a)(2)(B) state that 'a treating physician . . . can be deposed or called to testify at trial without any requirement for a written report.' Presumably, a written report from a treating physician is not necessary because the treating physician prepares contemporaneous notes documenting his observations, findings, and treatment regime."); *Morris v. Wells Fargo Bank, N.A.*, No. 09-cv-02160-CMA-KMT, 2010 U.S. Dist. LEXIS 68785, at *3 (D. Colo. June 17, 2010) (unreported decision) ("[I]n general, treating physicians do not come within the purview of the report requirement.").

However, "'[a] treating physician who has formulated opinions going beyond what was necessary to provide appropriate care for the injured party steps into the shoes of a retained expert for the purposes of'" Rule 26(a)(2)(B). *Stone*, 2006 U.S. Dist. LEXIS 90430 at *11 (quoting *Thomas v. Consol. Rail Corp.*, 169 F.R.D. 1, 2 (D. Mass. 1996)); *see also id.* at *10 ("It is the substance of the expert's testimony, not the status of the expert, which dictates whether a Rule 26(a)(2)(B) report will be required."); *Trejo v. Franklin*, No. 04-cv-02523-REB-MJW, 2007 WL 2221433, at *1 (noting that a treating physician is not immunized "from the requirement of providing a written report in conformity with Rule 26(a)(2)(B) in all circumstances"); *Wreath v. Kansas*, 161 F.R.D. 448, 450 (D. Kan. 1995)

("The determinative issue is the scope of the proposed testimony. For example, a treating physician requested to review medical records of another health care provider in order to render opinion testimony concerning the appropriateness of the care and treatment of that provider would be specifically retained notwithstanding that he also happens to be the treating physician."). "Similarly, when a treating physician's information or opinions were developed for trial, or where [his] expert testimony will concern matters not based on observations during the course of treatment, the treating physician will be required to prepare a written report" pursuant to Rule 26(a)(2)(B). *Stone*, 2006 U.S. Dist. LEXIS 90430, at *11 (citing *Washington v. Arapahoe County Dep't of Soc. Servs.*, 197 F.R.D. 439, 441-42 (D. Colo. 2000)); *see also Griffith v. Northeast Ill. Reg'l Commuter R.R. Corp.*, 233 F.R.D. 513, 518 (N.D. Ill. 2006) ("[W]hen a treating physician opines as to causation, prognosis or future disability, the physician is going beyond what he saw and did and why he did it. He is going beyond his personal involvement in the facts of the case and giving an opinion formed because there is a lawsuit.").

This Court has previously adopted a burden-shifting procedure for determining whether a designated expert witness is "retained or specially employed" and thus required to provide a report. *Morris*, 2010 U.S. Dist. LEXIS 68785, at *5 ("[I]t is clear that some showing must be made to distinguish an expert witness not required to provide a report under Rule 26(a)(2)(B) from the vast majority of cases where experts are required to provide a report."). The initial burden is on the party moving to strike the expert witness to show that the party who designated the witness has failed to produce an adequate written expert report pursuant to Rule 26(a)(2)(B). *Id.* The burden then shifts to the designating party to produce some evidence demonstrating that the designated expert is not retained

or specially employed. *Id.* (noting that vague assertions that a designated expert is a non-retained treating physician are insufficient).

Turning to this case, the parties agree that Plaintiff "has not produced signed expert reports, complete statements of opinions to be expressed and the basis therefore, expert qualifications, expert publications, expert prior testimony and expert compensation as required by Rule 26(a)(2)(B)." *Reply* [#55] at 1; *Response* [#44] at 2, ¶ 3 ("The Plaintiff is not representing the witnesses listed as retained witnesses[.]"). The Court therefore finds that Defendant has carried his initial burden. Accordingly, the burden shifts to Plaintiff to demonstrate that his seven designated experts are not retained or specially employed.

Plaintiff's argument that the seven designated experts are not retained or specially employed is as follows:

> The Plaintiff did not list any witnesses who would be considered to be retained. All of the witnesses referenced as far as the Plaintiff was aware do not routinely testify as an expert. The Plaintiff did not list any doctors that he acquired from expert witness directories. He either listed treating physicians or radiologists that happen[ed] to read [his CT scans] in their daily course of treatment and diagnosis or . . . Chief[s] or Director[s] of hospitals[.]

*Response* [#44] at 6, ¶ 8. Defendant contends that "Plaintiff fails to meet his burden of presenting actual evidence that his experts were treating physicians." *Reply* [#55] at 1. He points out that Plaintiff's Response [#44] "contains only conclusory statements that [the designated] experts were treating physicians without any affidavits [or] specific factual grounds." *Id.* at 3.

After carefully reviewing Plaintiff's Disclosure [#33] and Response [#44], the Court agrees with Defendant and finds that Plaintiff has not sufficiently demonstrated that his seven designated experts are exempt from the report requirement of Rule 26(a)(2)(B). *See*

or specially employed. *Id.* (noting that vague assertions that a designated expert is a non-retained treating physician are insufficient).

Turning to this case, the parties agree that Plaintiff "has not produced signed expert reports, complete statements of opinions to be expressed and the basis therefore, expert qualifications, expert publications, expert prior testimony and expert compensation as required by Rule 26(a)(2)(B)." *Reply* [#55] at 1; *Response* [#44] at 2, ¶ 3 ("The Plaintiff is not representing the witnesses listed as retained witnesses[.]"). The Court therefore finds that Defendant has carried his initial burden. Accordingly, the burden shifts to Plaintiff to demonstrate that his seven designated experts are not retained or specially employed.

Plaintiff's argument that the seven designated experts are not retained or specially employed is as follows:

> The Plaintiff did not list any witnesses who would be considered to be retained. All of the witnesses referenced as far as the Plaintiff was aware do not routinely testify as an expert. The Plaintiff did not list any doctors that he acquired from expert witness directories. He either listed treating physicians or radiologists that happen[ed] to read [his CT scans] in their daily course of treatment and diagnosis or . . . Chief[s] or Director[s] of hospitals[.]

*Response* [#44] at 6, ¶ 8. Defendant contends that "Plaintiff fails to meet his burden of presenting actual evidence that his experts were treating physicians." *Reply* [#55] at 1. He points out that Plaintiff's Response [#44] "contains only conclusory statements that [the designated] experts were treating physicians without any affidavits [or] specific factual grounds." *Id.* at 3.

After carefully reviewing Plaintiff's Disclosure [#33] and Response [#44], the Court agrees with Defendant and finds that Plaintiff has not sufficiently demonstrated that his seven designated experts are exempt from the report requirement of Rule 26(a)(2)(B). *See*

*Morris*, 2010 U.S. Dist. LEXIS 68785, at *7-8.  Moreover, even if the Court accepts that all seven designated experts are non-retained, Plaintiff's Disclosure [#33] fails to satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(C).  The Disclosure is perfunctory, and it does not adequately state either (i) the subject matter on which each witness is expected to present evidence, or (ii) a summary of the facts and opinions to which each witness is expected to testify.  *See* Fed. R. Civ. P. 26(a)(2)(C).

"[R]ather than striking Plaintiff's expert designations, the Court . . . will require Plaintiff to serve revised expert designations."  *Morris*, 2010 U.S. Dist. LEXIS 68785, at *8; *accord Cinergy Commc'ns Co. v. SBC Commc'ns, Inc.*, No. 05-2401, 2006 WL 3192544, at *3-4 (D. Kan. Nov. 2, 2006) (unreported decision) (electing to require the defendant to serve revised expert reports rather than striking the defendant's expert designations).  Providing Plaintiff the opportunity to revise and re-serve his Disclosure [#33] is appropriate because (1) the Court must exercise extra caution regarding the rights of *pro se* litigants, and (2) Defendant has offered no argument that the Disclosure's inadequacies were prejudicial.  *See generally McClain v. Metabolife Int'l, Inc.*, 193 F. Supp. 2d 1252, 1259 (N.D. Ala. 2003) ("Without a finding of bad faith or gamesmanship . . . courts are loathe to invoke the strong medicine of precluding expert testimony."); *Harvey v. District of Columbia*, 949 F. Supp. 874, 877-78 (D.D.C. 1996) (denying a motion to preclude expert testimony even though the expert report that was disclosed was "woefully inadequate under Fed. R. Civ. P. 26(a)(2)(B)" because the moving party was not prejudiced by the inadequacy).  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#34] is **DENIED**.

IT IS FURTHER **ORDERED** that Plaintiff shall revise (consistent with this Order) and

re-serve his Disclosure of Expert Witnesses [#33] on or before **April 22, 2011**.

IT IS FURTHER **ORDERED** that Plaintiff must specify in his revised Disclosure whether each designated expert is retained or specially employed. Plaintiff is reminded that a treating physician designated as an expert witness is considered retained if he "has formulated opinions going beyond what was necessary to provide appropriate care for the injured party." *Morris*, 2010 U.S. Dist. LEXIS 68785, at *3. For example, if Plaintiff wishes to designate Dr. Joseph Kleinman as an expert witness to testify that (1) "the blockage of [Plaintiff's] superior mesenteric artery was the result of an intramural hematoma that was formed as a result of trauma that resulted from the Defendant punching Plaintiff in the abdomen," and (2) the blockage "will [affect] the long term health of [Plaintiff's] organs," *Plaintiff's Expert Disclosure* [#33] at 2, then he must specify that Dr. Kleinman is a retained expert. See *Griffith*, 233 F.R.D. at 518 ("[W]hen a treating physician opines as to causation, prognosis or future disability, the physician is going beyond what he saw and did and why he did it. He is going beyond his personal involvement in the facts of the case and giving an opinion formed because there is a lawsuit."). If Plaintiff designates any treating physicians as retained experts, he must include in his revised disclosure expert reports that comply with the requirements of Fed. R. Civ. P. 26(a)(2)(B).

IT IS FURTHER **ORDERED** that Plaintiff may not designate more than three retained expert witnesses. See *Scheduling Order* [#12] at 5.

IT IS FURTHER **ORDERED** that if Plaintiff designates treating physicians as non-retained expert witnesses, he must include in his revised Disclosure actual evidence, in the form of documents or affidavits, that establishes that the physicians in fact treated him.

This evidence should demonstrate the relationships of the physicians to Plaintiff and to this case and provide some detail as to the nature of their knowledge of Plaintiff's alleged injuries. *See Morris*, 2010 U.S. Dist. LEXIS 68785, at *7-8.

IT IS FURTHER **ORDERED** that Plaintiff's revised Disclosure must satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(C) with respect to each non-retained designated expert.

IT IS FURTHER **ORDERED** that Defendant shall have until **May 20, 2011** to designate rebuttal expert witnesses.

IT IS FURTHER **ORDERED** that the deadline for the completion of discovery is extended to **June 17, 2011**.

IT IS FURTHER **ORDERED** that the deadline for filing dispositive motions is extended to **July 1, 2011**.

IT IS FURTHER **ORDERED** that the Final Pretrial Conference set for June 13, 2011 at 9:30 a.m. is **vacated** and **RESET** to **July 25, 2011 at 10:00 a.m.** in Courtroom **C-204** of the Byron G. Rogers United States Courthouse.

IT IS FURTHER **ORDERED** that the parties shall submit their proposed pretrial order **no later than July 20, 2011**. Parties participating in ECF shall submit their proposed pretrial order pursuant to the District of Colorado ECF Procedures. The proposed pretrial order must be submitted in a useable format (i.e., as a WordPerfect document). Pursuant to the ECF Procedures, the parties shall submit the proposed pretrial order via email to Mix_Chambers@cod.uscourts.gov. Parties not participating in ECF shall submit their proposed pretrial order to the Clerk of the Court as a hard copy. However, if *any* party in

this case is participating in ECF, it is the responsibility of that party to submit the proposed pretrial order pursuant to the ECF Procedures.  **The parties shall prepare the proposed pretrial order in accordance with the form which may be downloaded in richtext format from the forms section of the Court's website at www.co.uscourts.gov. Instructions for downloading in richtext format are posted in the forms section of the website.**

Dated:  April 5, 2011

BY THE COURT:

s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge